United States District Court
District of Massachusetts

|                   |   |                    |
|-------------------|---|--------------------|
| Marie Derbes,     ) |                    |
|                   ) |                    |
| Plaintiff,        ) |                    |
|                   ) |                    |
| v.                ) | Civil Action No.   |
|                   ) | 16-11758-NMG       |
| Carolyn W. Colvin,) |                    |
|                   ) |                    |
| Defendant.        ) |                    |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Marie Derbes ("Derbes" or "plaintiff") seeks judicial review of the denial of her application for disability insurance benefits by defendant, Carolyn W. Colvin ("the Commissioner"), in her official capacity as Commissioner of the Social Security Administration ("SSA"). Pending before the Court are plaintiff's motion for judgment on the pleadings to reverse the Commissioner's decision and defendant's motion for an order affirming her decision. For the reasons that follow, plaintiff's motion to reverse the Commissioner's decision will be denied and the Commissioner's motion to affirm will be allowed.

## I. Background

### A. Employment History and Alleged Disability

Derbes was born in 1987. She resides in Weymouth, Massachusetts, is unmarried and has no children. She has a high school education and, through her school, earned a certification in cosmetology. She has not maintained full time employment since 2010, but continues to work part time, 10 hours a week, at Marshall's department store. Her main source of income is government assistance. Derbes filed an application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., in June, 2013, alleging that she was disabled. Although she has been afflicted by Crohn's disease, related physical impairments and anxiety disorder since adolescence, for purposes of her application for disability insurance benefits, her alleged onset date ("AOD") is January 1, 2011, the beginning of the first year during which she was unable to maintain full time employment.

### B. Procedural Background

Derbes's initial application for disability benefits was filed in June, 2013. Her disability claim was predicated upon her Crohn's disease, gastroesophageal reflux disease ("GERD"), anemia and severe anxiety stemming from those conditions. Her application was denied in October, 2013, and, upon reconsideration, further denied in January, 2014. She filed a

request for a hearing and review of the SSA's decision.  That hearing was held on April 28, 2015, before Administrative Law Judge Sean Teehan ("the ALJ").  On May 29, 2015, the ALJ found Derbes to be not disabled.

To determine whether an individual is disabled, the ALJ determines whether

> 1) the claimant is engaged in "substantial gainful activity", 2) the claimant has a severe physical or mental impairment, 3) that impairment is equivalent to an impairment enumerated in the regulations, 4) the claimant's residual functional capacity ("RFC") meets the requirements of her previous work and 5) there are jobs that would be appropriate for the claimant given her RFC, age, education and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v).

During the course of his analysis, the ALJ found that Derbes was not entitled to disability benefits.  The ALJ relied upon the testimony before him during the disability hearing as well as several exhibits entered into the record which contain medical reports from doctors and health professionals.

At step one of the analysis, the ALJ deemed that Derbes was not engaged in substantial gainful activity.  At step two, the ALJ found that Derbes was severely impaired as a result of her Crohn's disease, GERD and anemia.  He then found, at step three of the analysis, that her impairments did not meet or equal the severity of those enumerated in Appendix 1 of 20 C.F.R. § 404 Subpart P.

At step four, the ALJ concluded that Derbes had a residual functional capacity ("RFC") of "light work" with the additional restriction that she must have ready access to restroom facilities at all times during the workday. The ALJ also noted that she remains capable of performing past relevant work as a hairstylist and salon cleaner, both of which Dr. Robert Laskey ("Dr. Laskey"), the vocational expert assessing her case, determined to be light work.

The ALJ proceeded to step five of the analysis to determine if there were jobs in the general economy that Derbes could perform. Based on plaintiff's age, education and work experience Dr. Lasky identified three suitable occupations: assembler (14,700 jobs in Massachusetts), mailroom clerk (3,800 jobs in Massachusetts) and office helper (5,900 jobs in Massachusetts). Citing Dr. Lasky's testimony, the ALJ concluded that Derbes was not disabled because there were several jobs in the economy that she could perform.

Derbes timely appealed the ALJ's decision but review was denied by the Appeals Council on July 11, 2016. She then filed her complaint in this Court in August, 2016, alleging that the ALJ failed to consider pertinent evidence and did not properly conduct the analysis under 20 C.F.R. § 404.1520(a).

## II. <u>**The Parties' Motions**</u>

### A. Legal Standard

The Act gives United States District Courts ("District Courts") the power to affirm, modify or reverse an ALJ's decision or to remand the case for a rehearing. 42 U.S.C. § 405(g). A District Court's review of an ALJ decision is not, however, <u>de novo</u>. <u>See</u> <u>Lizotte</u> v. <u>Sec'y of Health & Human Servs.</u>, 654 F.2d 127, 128 (1st Cir. 1981). The Act provides that the findings of the Commissioner are conclusive if they are "supported by substantial evidence" and the Commissioner has applied the correct legal standard. <u>See</u> 42 U.S.C. § 405(g); <u>Seavey</u> v. <u>Barhart</u>, 276 F.3d 1, 9 (1st Cir. 2001). If those criteria are satisfied, the Court must uphold the Commissioner's decision even if the record could justify a different conclusion. <u>Evangelista</u> v. <u>Sec'y of Health & Human Servs.</u>, 826 F.2d 136, 144 (1st Cir. 1987). Substantial evidence means evidence "reasonably sufficient" to support the ALJ's conclusion. <u>See</u> <u>Doyle</u> v. <u>Paul Revere Life Ins. Co.</u>, 144 F.3d 181, 184 (1st Cir. 1998).

### B. Application

Plaintiff claims that the ALJ erred in finding her not disabled and capable of light work because he 1) gave incorrect weight to the opinions of certain doctors, 2) engaged in an

improper credibility assessment and 3) made a finding not supported by the record.

### 1. The weight afforded expert opinions in the record

Plaintiff avers that the ALJ erred in weighing the medical opinions in the record by 1) failing to give controlling weight to the opinion of a treating physician and 2) giving significant weight to the opinion of Disability Determination Services medical consultant Dr. Richard Goulding ("Dr. Goulding"). The Commissioner denies these characterizations and maintains that the ALJ appropriately weighed all the evidence in the record and supported his conclusions with substantial information found therein.

To determine whether an individual is disabled, the ALJ must weigh several potentially conflicting medical opinions. Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). In weighing opinions, the ALJ may consider whether they are consistent with the "record as a whole". 20 C.F.R. § 416.927(c)(4). Where a treating source's opinion is not treated as controlling, the ALJ determines how much weight to afford it. This inquiry involves multiple factors including the length of the treatment relationship, whether the source provided evidence in support of the opinion, whether the opinion is consistent with the record as a whole and whether the source

is a specialist. 20 C.F.R. § 416.927(c)(5). The ALJ must give "good reasons" for the weight assigned to each opinion. Id.

Plaintiff contends that Dr. Dalton's opinion should control, but the Court disagrees. As noted by the ALJ, Dr. Dalton's opinion is entitled to less than controlling weight because it conflicted with the record as a whole, including the objective results of examinations and the testimony of multiple physicians. See Reeves v. Barnhart, 263 F. Supp. 2d 154, 161 (D. Mass. 2003) (holding that ALJ did not err in assigning less than controlling weight to opinion of treating physician which conflicted with objective test results in the record). In this way, the ALJ made clear the reasons for his decision to award the opinion "little weight".

In addition to inconsistencies with the plaintiff's own testimony, Dr. Dalton's testimony conflicted with the opinion of another treating physician, Dr. Paul Musto ("Dr. Musto"), who found plaintiff to be capable of carrying on all pre-disease performance without restriction. Because the opinion of Dr. Dalton was not fully consistent with other substantial evidence in the case record, this Court is not bound to give it controlling weight. See 20 C.F.R. § 416.927(c)(2).

By the same token, because the opinion of Dr. Goulding was more consistent with the record as a whole, it was appropriate for the ALJ to give significant weight to Dr. Goulding's

-7-

assessment of plaintiff's residual functional capacity. When determining the appropriate weight to assign to each medical opinion, the ALJ need not tick off each individual criterion found in 20 C.F.R. § 404.927(c), so long as the ALJ's reasoning is sufficiently clear. See Green v. Astrue, 588 F.Supp. 2d 147, 155 (D. Mass 2008). Though Dr. Goulding is not a gastroenterologist, the ALJ was explicit in his decision to award Dr. Goulding's testimony more weight due to the fact that it more closely aligned with the record as a whole.

The ALJ's conclusions must be accepted so long as there is "substantial evidence" in the record to support them. Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 2 (1st Cir. 1987). In light of evidence showing that Derbes 1) has during various examinations reported feeling that her disease was under control, 2) has gone years at a time without an active flare up of her disease while taking prescribed medications, 3) has managed to maintain a level of employment, (4) has gone lengthy periods wherein she presented no abnormal objective findings and 5) is able to perform an array of activities including running errands, socializing and traveling, this Court concludes that there is substantial evidence in the record to support the ALJ's conclusions. If the findings of the Commissioner of Social Security are supported by substantial evidence, they are

conclusive. 42 U.S.C. § 405(g). The ALJ's decision as to defendant's disability will be affirmed.

### 2. The ALJ's credibility assessment

Derbes maintains that the ALJ's assessment of her credibility was improperly based on irrelevant evidence or was based on an unreasonable interpretation of the record as a whole. To support that contention, she raises findings made by the ALJ regarding the longitudinal picture of her medical impairments, the effectiveness of her medications, her employment history, her level of activity and omissions of other pertinent facts in the record.

Generally, the credibility determination by the ALJ is entitled to deference, especially when supported by specific findings, given his greater familiarity with the proceedings. Frustaglia v. Sec'y of Health & Human Servs., 829 F.2d 192, 195 (1st Cir. 1987). Here, this Court finds that there is substantial evidence in the record to support the ALJ's credibility determination.

Plaintiff takes issue with the ALJ's reliance on medical records predating the alleged onset date which contradicted her claims of subjective discomfort. This argument is unconvincing. The contested 2008 medical record was only one piece of evidence among many taken into account by the ALJ when reviewing her condition prior to the AOD. He also took into account multiple

-9-

instances of "flares" and "isolated episodes of emergency medical treatment" when assessing the longitudinal picture of plaintiff's history with Crohn's and her related conditions.

The same is true of the ALJ's findings after the AOD. Plaintiff suggests that the ALJ did not take into account the entire record by omitting plaintiff's history of perianal abscesses necessitating surgery and stomach upset resulting from changes in medication. However, an examination of the ALJ's decision reveals that he clearly alluded to those complications when summarizing the entirety of her medical history. The ALJ did not claim that her medical history was one without pain or discomfort. Rather he found that the pain and discomfort which accompanied her condition did not leave her unable to engage in a life that included travel, chores, socializing and, presumably, a level of employment.

In assessing the plaintiff's credibility the ALJ relied extensively on her own statements, noting that many of her reports of subjective pain were unsupported by corresponding objective medical test results. To the extent that the record contains conflicting opinions and reports from multiple physicians, it is not this Court's place to resolve the question of whose learned opinion is most accurate. Rather, it is the responsibility of the ALJ

> to find facts, decide issues of credibility, draw inferences from the record, and resolve conflicts of evidence.

Teague v. Colvin, 151 F.Supp.3d 223, 226 (D. Mass. 2015). The ALJ was thorough in his examination of the record and specific in his reasons for valuing certain objective findings over the plaintiff's subjective claims. Accordingly, this Court finds no reason to reverse them.

### 3. The ALJ's excessiveness determination

Derbes takes issue with the ALJ's finding that she

> may need to use the restroom but not for an excessive amount of time such as would not be tolerated in full-time, competitive employment.

The ALJ did not rely on the record in support of his statement that 45 minute bathroom use is not excessive. However, the RFC did fully account for the plaintiff's need for constant, ready access to a restroom. Although this Court is ambivalent about the ALJ's conclusion regarding the excessiveness of plaintiff's bathroom use, that is not cause to vacate his decision. See Evangelista, 826 F.2d at 144 (holding that even if the record could justify a different conclusion, the decision of the ALJ must be affirmed if supported by substantial evidence).

### 4. The RFC's inclusion of restroom accessibility

Plaintiff questions the inclusion of restroom availability in the RFC, rightly pointing out that 29 C.F.R. § 1910.141(c)(1)(i) already guarantees access to a restroom at a

place of employment. However, that does not affect plaintiff's RFC which clearly stipulated that not only did she need access to a restroom but also that such access be <u>readily available</u> out of deference to her condition.

**ORDER**

In accordance with the foregoing,

1) plaintiff's motion for judgment on the pleadings for a reversal of the Commissioner's decision (Docket No. 15) is **DENIED** and

2) defendant's motion for an order affirming the decision of the Commissioner (Docket No. 22) is **ALLOWED.**

**So ordered.**

/s/   Nathaniel M. Gorton

Nathaniel M. Gorton
United States District Judge

Dated September 20, 2017